*20 The presiding judge, Gaillard, delivered the follow* íng decree:
The application to the court is by petition, for payment out of Mi's. Eveleigh’s trust estate of a note, given by Mr. Eveleigh for a saw gin, purchased for the use of a cotton plantation, the property of Mrs. Eveleigh, hut which the complainant saya he thought belonged to Mr. ' Eveleigh, he being in possession of it. Mr. Eveleigh being-sued on the note, applied for the benefit of the insolvent debtor’s act, and was opposed by the complainant, who alleged that he had not returned, in his schedule, all his property: but a jury finding that the property of which Mr. Eveleigh was in possession was not his own, but settled in trust for Mrs. Eveleigh, Mr. Eveleigh was discharged. As the gin was bought for the trust estate, as it belongs to it, and it has not been paid for, it is but just that the complainant’s demand should be satisfied out of the estate, and it is ordered and decreed accordingly.
An appeal was made from this decree, which was beard in thp court of appeals, by chancellors Rutledge, James, Thompson, Desaussure and Gaillard.
Mr. Richardson, the attorney general, argued for the appellant, that the trust estate ought not to bo made liable to this demand; for admitting it to be established that the cotton saw gin had been purchased by Mr. Thos. Eveleigh, for the trust estate, the party bad taken Mr. Eveieigh’s private note in payment, and had sued upon it at law, and had taken his body under a ca. sa. from which he'h ad been discharged, as an insolvent debtor, and the petitioner cannot after this come upon the trust estate. That the trust estate ought not to be made liable for the acts of the trustee, as this would be very dangerous ; for the misconduct of the trustee might ruin the separate estate, if his acts were binding on it.
Sir. Blanding argued fur tho respondón!, in support of the decree.
*21 The court of appeals unanimously affirmed the decree of the circuit court, dismissed the appeal,, overruled the demurrer, and ordered the appellants to answer in the court below, . f